UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOEL ERNST, § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | Civil Action No. 3:24-CV-0854-X | |
| § | | |
| STRYKER CORPORATION and § | | |
| STRYKER EMPLOYMENT § | | |
| COMPANY, LLC, § | | |
| § | | |
| *Defendants.* § | | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Joel Ernst's motion to remand. (Doc. 2). Having reviewed the parties' arguments, the applicable caselaw, and the underlying facts, the Court concludes that removal was proper. Accordingly, the Court **DENIES** the motion to remand. (Doc. 2).

### I. Background

Ernst filed suit in state court against Defendants Stryker Corporation and Stryker Employment Company, LLC seeking an injunction preventing the defendants from enforcing post-employment restrictions and claiming that they tortiously interfered with Ernst's prospective employment opportunity.[1] Ernst's state court petition stipulated that he "will not seek more than $74,999 in [this]

---
[1] Doc. 1-1.

1

lawsuit."[2] The defendants removed the action on the basis of diversity jurisdiction.[3] Ernst filed the present motion to remand requesting this Court remand the case back to state court because the $75,000 amount in controversy required for diversity jurisdiction is not satisfied.[4] The defendants contend that the amount in controversy exceeds $75,000 because Ernst's prospective employment opportunity, which is allegedly prohibited by their one-year non-compete agreement with Ernst, is far more valuable than $75,000.[5] Thus, the defendants believe that Ernst's prospective injunctive relief satisfies the amount in controversy for diversity jurisdiction.[6]

## II. Legal Standard

If "the district courts of the United States have original jurisdiction," then a civil action filed in state court may be removed to the federal court embracing the place where the action is pending.[7] Federal courts have original jurisdiction over actions between citizens of different states when the amount in controversy exceeds $75,000.[8] To determine whether an action is removable, federal courts must consider the claims in the state court petition as they existed at the time of removal.[9] Plaintiffs may stipulate to amounts at issue that fall below the federal jurisdictional

---

[2] Doc. 1-2 at 4–5.

[3] Doc. 1.

[4] Doc. 2.

[5] Doc. 5 at 3–4.

[6] *Id.*

[7] 28 U.S.C. § 1441.

[8] 28 U.S.C. § 1332(a)(1).

[9] *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

requirement.[10]  But claims for declaratory or injunctive relief are determined by the "the value of the right to be protected or the extent of the injury to be prevented."[11]

### III. Analysis

The Court concludes that the defendants properly removed this action.  The issue is whether the amount in controversy is satisfied here for purposes of diversity jurisdiction.  To determine whether removal is proper, the Court takes a snapshot of Ernst's state court petition at the time of removal.  At the time he filed this action in state court, Ernst stipulated that he would not seek more than $74,999 in this lawsuit,[12] and he sought to enjoin the defendants from enforcing a non-compete agreement.[13]

The amount in controversy here exceeds the $75,000 jurisdictional minimum.  Sure, Ernst stipulated that he would not seek more than $74,999 in this action, but that stipulation only considers his compensatory damages.  It does not value the injunctive and declaratory relief he seeks.  "In cases seeking both monetary and injunctive relief, the aggregate value of each recovery is included in the amount in controversy."[14]  So, the amount at issue in this case is Ernst's alleged $74,999 in

---

[10] *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013).

[11] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252–53 (5th Cir. 1998).

[12] Doc. 1-2 at 4–5.

[13] Doc. 1-1 at 11–13.

[14] *DSF Advanced Staffing, Inc. v. Advantage Resourcing Am., Inc.*, No. 1:10-CV-255, 2010 WL 11530959, at *2 (E.D. Tex. Nov. 18, 2010).

compensatory damages plus the extent of the injury he seeks to prevent: the loss of his new employment opportunity for one year.

Clearly then, the aggregate amount in controversy exceeds $75,000. Even if Ernst would make only two dollars at his new employer this year, this action would meet the minimum amount in controversy. But the value of Ernst's injunctive relief—his earnings during one-year's employment—is likely much more than that. As the defendants explain, Ernst's salary over the last few years has ranged from about $160,000 to $180,000,[15] and his state court petition explains that he would receive a raise in this new employment opportunity.[16] Thus, the value of the injunctive relief, at least $160,000, combined with the $74,999 in compensatory damages, exceeds the jurisdictional minimum. Removal was proper considering the parties are completely diverse and the amount in controversy exceeds $75,000.

## IV. Conclusion

The Court **DENIES** the motion to remand (Doc. 2) and **ORDERS** Ernst to file an expedited response to the defendants' pending motion to transfer or dismiss this action (Doc. 4). Ernst shall file a response to the motion to transfer or dismiss by Tuesday, April 16th.

**IT IS SO ORDERED** this 10th day of April, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[15] Doc. 5-1.

[16] Doc. 1-1 at 1.